IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTIAN NADAL, ROBBIE BASCUE, ET AL.,**<br><br>Petitioners,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **REPORT and RECOMMENDATION**<br><br>**Case No. 4:18-cv-00069-DN-PK**<br><br>**District Judge David Nuffer**<br>**Magistrate Judge Paul Kohler** |

## INTRODUCTION

District Judge David Nuffer referred this case's motions to Magistrate Judge Paul Kohler under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is the United States' ("Respondent's") Motion to Dismiss, filed December 19, 2018.[2] On January 3, 2019, (during the partial federal government shutdown) self-styled Petitioners filed their Response.[3] In light of the shutdown, Judge Dustin B. Pead executed an Order Granting Motion to Stay,[4] and after Judge Pead lifted the stay, Respondent filed its Reply Memorandum.[5]

This matter appears to be the latest in a long line of nearly identical cases filed in various forums by Petitioners. Petitioners, themselves, note that "Christian Nadal and Robbie Bascue did consume all remedies available by going to trial at the District Court [in California and

---

[1] ECF No. 18 and 19.

[2] ECF No. 6.

[3] ECF No. 7.

[4] ECF No. 11.

[5] ECF No. 14.

Oregon], appealing with a direct appeal to the [Ninth Circuit] Court of Appeals, Writ of Certiorari to the United States Supreme Court, submit a writ of Habeas Corpus 2255 and a 2241 motion to the District Courts. Requested Ninth Circuit Court of Appeals for a successive habeas corpus motion."[6] Moreover, "The Courts repeatedly denied all appeals . . . ."[7] Petitioners appear to have lost on all claims, yet they "Demand (sic) that this court be compelled to resolve the issues raised in this petition and issue a Declaratory Judgment . . . ."[8] Furthermore, "Petitioners, Christian Nadal and Robbie Bascue … [d]emand that this Court ... reverses (sic) their criminal conviction per Title 28 U.S.C.A. Section 1361 . . . ."[9]

Briefing is complete. Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that good cause for oral argument has not been shown and is unnecessary. For the reasons set forth below, it is recommended that the Motion to Dismiss be granted.

## BACKGROUND

Petitioners' pro se Complaint, dated October 16, 2018, spans 95 pages and contains many exhibits. It lacks clarity, but seems to boil down to two demands: (1) that the court issue a declaratory judgment determining whether various firearms are, in fact, firearms under the law[10]; and (2) that the court reverse Petitioners' convictions.[11]

---

[6] ECF No. 1, ¶36, p. 10-11.

[7] ECF No. 1, ¶37, p. 11.

[8] ECF No. 1, ¶40, p. 12.

[9] ECF No. 1, ¶35, p. 10.

[10] ECF No. 1, ¶49, p. 92

[11] ECF No. 1, ¶50, p. 92

The first demand appears to be Petitioners' suggested means of reaching their second demand. In short, though styled as a Complaint, Petitioner Nadal attempts to collaterally attack a 1993 conviction and sentencing in California, and Petitioner Robbie Bascue attempts to collaterally attack a 1992 conviction and sentencing in Oregon.

### *Petitioner Robbie Bascue*

More specifically, Bascue was "convicted by a jury of two counts of the crime of the transfer of machine guns, in violation of 18 U.S.C. § 922(o), and two counts of the crime of possession of machine guns, in violation of 18 U.S.C. § 922(o)."[12] And, in Oregon, on September 18, 1995, the Orgeon court "sentenced Robbie Len Bascue to a term of imprisonment of 51 months."[13] Later, Bascue's appeal to the United States Court of Appeals for the Ninth Circuit was denied,[14] and *certiorari* to the United States Supreme Court was denied.[15] Finally, Bascue's petition (and subsequent appeals) under 28 U.S.C. § 2255 was rejected.[16]

### *Petitioner Christian Nadal*

Similarly, in October 1993, a jury convicted Nadal in California of violating 18 U.S.C. §922(o) and other crimes.[17] Nadal also lost a criminal appeal in the United States Court of

---

[12] *U.S. v. Bascue*, 5 F. Supp. 2d 1139, 1140 (D. Or. 1998).

[13] *U.S. v. Bascue*, 5 F. Supp. 2d 1139, 1140 (D. Or. 1998).

[14] *U.S. v. Bascue*, 5 F. Supp. 2d 1139, 1140 (D. Or. 1998)(citing *United States v. Bascue*, 97 F.3d 1461 (9th Cir. 1996)(mem.)).

[15] *U.S. v. Bascue*, 5 F. Supp. 2d 1139, 1140 (D. Or. 1998)(citing *Bascue v. U.S.*, 520 U.S. 1242 (1997)).

[16] *United States v. Bascue*, No. 92-169-2-FR, 1999 U.S. Dist. LEXIS 17029, at *2 (D. Or. October 28, 1999)(unpublished).

[17] *See* docket entry number 82, 10/01/1993, case number 2:93cr698 (Motion to Dismiss; Exhibit "A").

Appeals for the Ninth Circuit (though his wife's conviction was reversed),[18] and *certiorari* to the United States Supreme Court was denied.[19] And, like his co-petitioner, Nadal's petition under 28 U.S.C. §2255 was rejected.[20] Nadal was also sentenced to several years in prison.[21]

## LEGAL STANDARDS

**I.** Several legal standards apply to this case:

    **A. FED. R. CIV. P. 12(b)(1)**:

        "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction . . . ."

    **B. FED. R. CIV. P. 12(h)(3)**:

        "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

    **C. FED. R. CIV. P. Rule 8(a)(1)**:

        "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support . . . ."

    **D. 28 U.S.C. § 2255(a)**:

        "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed on violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess

---

[18] *United States v. Nadal*, No. 93-50849, No. 93-50851, 1995 U.S. App. LEXIS 24359, at *1-2 (9th Cir. August 17, 1995)(unpublished) (emphasis added). *See also*, *United States v. Nadal*, 64 F.3d 667 (9th Cir. 1995)(published opinion merely stating, "Affirmed in part [Christian Nadal]; reversed in part [Doris Nadal].")

[19] *Nadal v. United States*, 516 U.S. 1122 (1996)(prior history: petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit, reported at: 1995 U.S. App. LEXIS 24359).

[20] *See* docket entry number 160, 03/31/1997, case number 2:93cr698 (Motion to Dismiss; Exhibit "A").

[21] *See* docket entry number 105, 12/06/1993, case number 2:93cr698 (Motion to Dismiss; Exhibit "A").

>
> of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

### E. 28 U.S.C. § 2253(a):

> "(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."
> 28 U.S.C. § 2253(a).

### F. 28 U.S.C. § 2241(c):

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trail before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state . . . is in custody . . . ;  or
> (5) It is necessary to bring him into court to testify or for trial.
>  28 U.S.C. § 2241(c)(1)-(5).

### G. Pro Se

Petitioners proceed pro se and request that the "United States District Court for the District of Utah accept these pleadings and overlook any errors in formal rules because of [their] unfamiliarity with legal procedures . . . . [22] This Court should construe a pro se plaintiff pleadings and other submissions liberally.[23]  But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[24]

---

[22] ECF No. 1, p. 1.

[23] *See* e.g. *Ledbetter v. City of Topeka*, 318 F.3d 1181, 1187 (10th Cir. 2003)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

[24] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Despite Nadal's and Bascue's pro se status, the Court is in no position to simply, as Petitioners insist, "accept these pleadings and overlook any errors in formal rules" on subject-matter jurisdiction. Due to the limited scope of federal jurisdiction, federal courts do not presume jurisdiction.[25] Rather, the burden of proof falls upon the party asserting federal jurisdiction.[26] Petitioners' pro se status in no way releases them of this burden.

Furthermore, while this Court must make some allowances for pro se failures,[27] "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[28]

Finally, even though the filings of a pro se plaintiff are to be construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers,"[29] a pro se plaintiff must "follow the same rules of procedure that govern other litigants."[30] Thus, a pro se plaintiff still has the burden of establishing subject-matter jurisdiction,[31] as well as "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[32] Petitioners fail to meet their burden.

---

[25] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)(quoting *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

[26] *Id.*

[27] *Hall*, 935 F.2d at 1110

[28] *Garrett*, 425 F.3d at 840.

[29] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

[30] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 86, 840 (10th Cir. 2005)(quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[31] *McDonald v. Nationwide Title Clearing, Inc.*, 661 F. App'x 518, 520 (10th Cir. 2016)(unpublished)

[32] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008)(quoting *Hall*, 935 F.2d at 1110).

## DISCUSSION

### I. There is no subject-matter jurisdiction over Petitioners' claim.

"Federal Courts are courts of limited jurisdiction."[33] Thus, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter) jurisdiction and the parties (personal jurisdiction)."[34] Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.[35] And, a court lacking subject-matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[36]

When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff must carry the burden of proving jurisdiction.[37] Petitioners' statement[38] on jurisdiction has no grounds and is unsupported. As discussed below, this Court has no subject-matter jurisdiction for at least three reasons.

### A. This Court lacks subject-matter jurisdiction because Petitioners exhausted their criminal appeals.

As noted, Petitioners exhausted their appeals in the Ninth Circuit Court of Appeals. They have no standing or grounds to request a reversal of their respective convictions and sentences

---

[33] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994)(internal citations omitted).

[34] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-431, 127 S. Ct. 1184, 167 L.Ed.2d 15 (2007)(internal citations omitted).

[35] *Penteco Corp. Ltd. Partnership 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[36] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[37] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1505 (D. Kan. 1996).

[38] Petitioners' statement on jurisdiction merely asserts: "This Court has jurisdiction under Title 18 and Title 26 USCA has (sic) the weapons in question brought forth in this petition are both (sic) regulated and any violation of said weapons fall (sic) under said Titles." (*See* ECF No. 1, ¶1, p. 1).

from this Court. The Court cannot function as an appellate court for convictions in other states. And, to the degree Petitioners claims are collateral attacks, those matters, too, belong in the Ninth Circuit. Section 2253 provides in part as follows: "(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."[39] Therefore, this Court lacks subject-matter jurisdiction.

### B. This Court lacks subject-matter jurisdiction because second or successive 28 U.S.C. § 2255 motions are not permitted.

As described, Petitioners tried and failed at their 28 U.S.C. § 2255 and 28 U.S.C. § 2241 motions. "Christian Nadal and Robbie Bascue did consume all remedies available by going to trial at the District Court [in California and Oregon], appealing with a direct appeal to the [Ninth Circuit] Court of Appeals, Writ of Certiorari to the *United States Supreme Court*, submit a writ of Habeas Corpus *2255* and a *2241* motion to the District Courts. Requested Ninth Circuit Court of Appeals for a successive habeas corpus motion."[40] Petitioners further concede that, "The Courts repeatedly denied all appeals and not once answering any of the issues brought forth before them or in this Petition . . . ."[41]

Without approval, Petitioners may not bring second or successive 28 U.S.C. § 2255 motions, and certainly not in the District of Utah. They have not been approved to file second or successive § 2255 petitions. Nor have they distinguished between the instant petition and those they already lost, or shown that facts exist now that did not exist upon the filing of their original

---

[39] 28 U.S.C. § 2253(a).

[40] ECF No. 1, ¶36, p. 10-11.

[41] ECF No. 1, ¶37, p. 11.

petitions.[42] Regarding the convictions and sentences in question, Petitioners could never bring second or successive 2255 motions in this district or obtain approval therefore from the Tenth Circuit Court of Appeals to do so. They have no standing or grounds to request from this Court a second or successive § 2255 motion.[43]

Moreover, to be timely, generally an initial § 2255 motion must be filed within one year after the date the conviction became final,[44] and there are gatekeeping procedures to preclude unauthorized second or successive 28 U.S.C. § 2255 motions. And, even if this were the correct district, a district court may elect "to dismiss the matter for lack of jurisdiction rather than transfer it to this [the Tenth Circuit] court for consideration as a motion for authorization" of a successive petition if the "interest of justice" does not warrant transfer.[45] The interests of justice do not warrant transfer.

### C. This Court lacks subject-matter jurisdiction because Petitioners are not prisoners or "in custody."

As Petitioners established, they are both released and working. They are not prisoners or in custody. Thus, they may not attempt to file a motion under 28 U.S.C. § 2255, or a second or successive motion under 28 U.S.C. § 2255.

28 U.S.C. § 2241 outlines that habeas corpus applies to a "prisoner" who is "in custody." In pertinent part, this law states:

---

[42] *United States v. Johnson*, 644 F. App'x 864, 866 (10th Cir. 2016) (unpublished)

[43] Section 2253 provides in part as follows: "(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, *by the court of appeals for the circuit in which the proceeding is held*." 28 U.S.C. § 2253(a) (emphasis added).

[44] 28 U.S.C. § 2255(f).

[45] *United States v. Johnson*, 644 F. App'x 864, 865 (10th Cir. 2016) (unpublished) (citing *Cline*, 531 F.3d at 1251 (setting forth the relevant interest of justice factors)).

9

> (c) The writ of habeas corpus shall not extend to a prisoner unless-
> (1) He is in custody . . .
> (2) He is in custody . . .
> (3) He is in custody . . .
> (4) He, being a citizen of a foreign state and domiciled therein is in custody . . . ; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c)(1)-(5).

Custody is determined as of the time the petition is filed.[46] Generally, a habeas corpus petitioner does not remain "in custody" under a conviction after the sentence imposed for that conviction has fully expired. Specifically, the United States Supreme Court explained that, "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[47] "While we [the U.S. Supreme Court] have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."[48] The U.S. Supreme Court's holding in *Maleng v. Cook* applied to subject-matter jurisdiction. The Supreme Court explained: "Our holding is limited to the narrow issue of 'custody' for subject-matter jurisdiction of the habeas court."[49]

Here, Petitioners are not prisoners and suffer no present restraint. They are no longer

---

[46] *See United States v. Bustillos*, 31 F. 3d 931, 933 (10th Cir. 1994) (a collateral challenge under §2255, like a habeas proceeding, is available only to attack a sentence under which defendant is in custody at the time of initiating the proceeding); *see also Maleng*, 490 U.S. at 491 (if the sentence is "fully expired" at the time of the filing, defendant is not in custody).

[47] *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[48] *Maleng*, 490 U.S. at 492 (1989).

[49] *Maleng*, 490 U.S. at 494 (1989).

incarcerated. Mr. Bascue has been released, resumed work building and repairing state roads for Oregon, and operates his own defense training as well.[50] Mr. Nadal was released and returned to flying corporate jets.[51] According to the records from Oregon and California, the sentences imposed for Petitioners' convictions have "completely expired," and the Petition is empty of any assertion that Petitioners' sentences have not yet expired.

Rather, the Petition demonstrates Mr. Nadal and Mr. Bascue now reside in St. George, Utah and Tigard, Oregon, respectively. They fully served their respective sentences imposed in the Central District of California and the District of Oregon. Petitioners do not assert they are parolees or are serving terms of supervised release.[52] Once the sentence imposed for a conviction "has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[53] Because Mr. Nadal and Mr. Bascue are not prisoners and are no longer in custody, the Court lacks subject-matter jurisdiction.[54]

---

[50] ECF No. 1, ¶5, p. 2.

[51] ECF No. 1, ¶12, p. 3.

[52] Incarceration is the most basic form of custody, but includes, e.g., supervised release. *See United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004). Court-imposed fines or costs related to imprisonment do not meet § 2255's custody requirements. *See e.g.*, *United States v. Hernandez*, 94 F.3d 606, 613 (10th Cir. 1996)(district court lacked jurisdiction because other than $50 assessment petitioner not in custody).

[53] *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[54] "[C]ourts do not consider the merits of § 2255 petitions filed by persons no longer in custody." *Pilla v. U.S.*, 668 F.3d 368, 372 (6th Cir. 2012).

## II. Misplaced reliance on other statutes.

Petitioners sprinkle other statutes into their brief in an attempt to get this Court to issue desired rulings. Such reliance is misplaced.

### A. Petitioners' reference to 28 U.S.C. § 2201 (chapter 151-declaratory judgments) is inapposite.

Petitioners' effort to insert a federal question or declaratory judgment action into the Petition is not cognizable. The bottom line of the Petition is a request to reverse Petitioners' convictions—not for the Court to answer questions about the legality of possessing, registering, taxing, or transferring machineguns or silencers. Because there is no jurisdiction to grant their ultimate demand, the request for a declaratory judgment leading to that demand is unfounded and moot, and the entire Petition should be dismissed.

"The Petitioners, Christian Nadal and Robbie Bascue [demand] that this Court make A (sic) Declaratory Judgment on each firearm listed above as to whether they are firearms in themselves regulated under Title 18 USCA and Title 26 USCA."[55] Petitioners cite to 28 U.S.C. § 2201(a) on page 11 of their Petition, as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[56]

This request for declaratory judgment, however, contains no "actual controversy." Federal courts only have constitutional authority to resolve actual disputes; legal actions cannot be

---

[55] ECF No. 1, ¶49, p. 92.

[56] 28 U.S.C. § 2201(a); ECF No. 1, ¶39, p. 11.

12

brought or continued after the matter at issue has been resolved, leaving no live dispute for a court to resolve.[57] This Court is not faced with "a case . . . within its jurisdiction." The request is not a "filing of an appropriate pleading."[58]

### B. Petitioners reference to 28 U.S.C. § 1361 is inapposite.

Petitioners demand "that this Court hereby reverses (sic) their criminal conviction per Title 28 U.S.C.A. Section 1361…."[59] Section 1361 states:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The reference by Petitioners to the above federal law is misplaced and has no application to attacking or overturning their criminal convictions or sentences. Petitioners' request to reverse their firearms convictions may not be based on 28 U.S.C. § 1361.

Petitioners reiterated reliance on 28 U.S.C. §1361 is inapposite. Petitioners claim in their Response to Respondent's Motion to Dismiss that 28 U.S.C.A. Section 1361[60] somehow relates to their request to overturn their respective convictions. Specifically, albeit incomprehensibly, Petitioners assert that "[t]he Danger (sic) of Petitioners, (sic) Nadal living in the state of Utah and Bascue living in these United States of America could be indicted for purchasing or possessing these firearms requires this Court to comply with 28 U.S.C.A. Section 1361."

The Petitioners demand that this Court reverse their criminal convictions per Title 28

---

[57] *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997); *Hicklin v. Orbeck*, 437 U.S. 518 (1978).

[58] 28 U.S.C. § 2201(a).

[59] ECF No. 1, ¶35, p. 10.

[60] Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an *officer or employee of the United States* or any agency thereof to perform a *duty* owed to the plaintiff."

13

U.S.C.A. Section 1361. But the reference to Section 1361 has no application to attacking Petitioners' criminal convictions and sentences, as nowhere is it explained why any federal agency or officer has any duty to provide the relief sought. Petitioners' request to reverse their firearms convictions may not be based on 28 U.S.C. § 1361.

## **RECOMMENDATION**

For the reasons set forth above, it is RECOMMENDED that the District Court GRANT Respondent's motion to dismiss for lack of jurisdiction and DISMISS Petitioners' Petition without prejudice.

The Court will send copies of this Report and Recommendation to all parties and notifies them of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of May, 2019.

BY THE COURT:

_____
PAUL KOHLER
U.S. Magistrate Judge