IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTIAN NADAL, and ROBBIE BASCUE, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 4:18-cv-00069-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

The Report and Recommendation ("R&R")[1] issued by United States Magistrate Judge Paul Kohler on May 31, 2019, recommends that Respondent United States of America's Motion to Dismiss ("Motion")[2] be granted and that this action be dismissed without prejudice for lack of subject-matter jurisdiction. Petitioners Christian Nadal and Robbie Bascue have filed a timely objection to the R&R ("Objection").[3]

De novo review has been completed of those portions of the report, proposed findings, and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the R&R.[4]

Nadal and Bascue object to the R&R for five stated reasons—none of which is material to the question of whether there is subject-matter jurisdiction over Nadal and Bascue's claims.

---

[1] Docket no. 20, filed May 31, 2019.

[2] Docket no. 6, filed December 19, 2018.

[3] Objection to Report and Recommendation, docket no. 22, filed June 14, 2019.

[4] 28 U.S.C. § 636(b).

First, they object to the R&R because "Global Sales Limited . . . was licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives . . . in . . . Utah and . . . the Federal Government gave these weapons companies['] catalogs to . . . Nadal and made it accessible to . . . Ronald and Robbie Bascue."[5] Even if these allegations are true, they do not give rise to subject-matter jurisdiction in this case.

Second, Nadal and Bascue object to the R&R because "two aircrafts N87TD and N600XJ were sabotaged and N600XJ killed two pilots" for "the purpose [of] silenc[ing]" Nadal.[6] Even if these allegations are true, they do not give rise to subject-matter jurisdiction over Nadal and Bascue's claims.

Third, Nadal and Bascue object to the R&R because they do not agree that a person who knows of the commission of a crime "is not required under Title 18 Section 4 Misprison of Felony to report that crime to a government Authority."[7] Neither the statute to which Nadal and Bascue reference, nor their interpretation of it, is relevant to whether subject-matter jurisdiction exists over their claims in this case.

Fourth, Nadal and Bascue object to the R&R because they want answers to certain questions regarding certain weapons.[8] But without subject-matter jurisdiction over Nadal and Bascue's claims, their questions cannot be answered in this proceeding.

And, fifth, Nadal and Bascue object to the R&R because, regardless of whether their convictions can be reversed through this proceeding, they still want to know "whether the

---

[5] Objection, *supra* note 3, ¶ 1, at 1.
[6] *Id.* ¶ 2, at 1.
[7] *Id.* ¶ 3, at 2.
[8] *Id.* ¶ 4, at 2.

weapons in question are legal or not legally sold and regulated under Title 18 and 26 U.S.C.A."[9] Even if Nadal and Bascue filed an amended petition—as they propose—dropping the request to reverse their convictions, dismissal of this action would still be required for lack of standing.[10]

Because subject-matter jurisdiction does not exist over Nadal and Bascue's claims in this case, the analysis and conclusions of the Magistrate Judge are accepted and the R&R is adopted.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that:

1. the Objection[11] is OVERRULED;

2. the R&R[12] is ADOPTED;

3. the Motion[13] is GRANTED; and

4. this action is DISMISSED without prejudice for lack of jurisdiction.

The clerk is directed to close this case.

Signed June 24, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[9] *Id.* ¶ 5, at 2.

[10] *See* R&R, *supra* note 1, at 12-13 (discussing the need for an "actual controversy").

[11] Docket no. 22, filed June 14, 2019.

[12] Docket no. 20, filed May 31, 2019.

[13] Docket no. 6, filed December 19, 2018.